UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY DANIELLE AMMONS,

     Plaintiff,

v.

NANCY A. BERRYHILL,

     Defendant.

_____/

Case No. 17-cv-11199
Hon. Matthew F. Leitman

## ORDER GRANTING DEFENDANT'S UNASSENTED MOTION FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) (ECF #18)

On February 4, 2014, Plaintiff Tiffany Danielle Ammons filed an application for disability insurance benefits with the Social Security Administration (the "SSA"). (*See* Admin R., ECF #13-5 at Pg. ID 224.)   Ammons contended that she was disabled as the result of several conditions, including bipolar disorder, depression, anxiety, diabetes, asthma, osteoarthritis, muscle spasm, nerve damage, heel spurs, and hypertension. (*See* Admin R., ECF #13-6 at Pg. ID 251.)  The SSA denied Ammons' application for benefits. (*See* Admin R., ECF #13-4 at Pg. ID 179.)

Ammons thereafter requested a hearing before an administrative law judge (the "ALJ"). (*See* Admin R., ECF #13-2 at Pg. ID 73.)  The ALJ held that hearing on November 13, 2015 (*see id.* at Pg. ID 96), and he then later entered a written decision in which he affirmed the SSA's denial of benefits. (*See id.* at Pg. ID 73.)

1

The ALJ found that Ammons suffered from the following severe impairments: "obesity, osteoarthritis, mitral valve prolapse, anemia, bipolar disorder, anxiety, disruptive mood dysregulation disorder, major depressive disorder, with mood congruent psychotic features . . . ." (*Id.* at Pg. ID 76.) The ALJ nonetheless concluded that Ammons was not disabled and that there were jobs that existed in significant numbers in the national economy that Ammons could perform. (*See id.* at Pg. ID 91.) Ammons appealed the ALJ's decision to the SSA's Appeals Council, and that body denied review. (*See id.* at Pg. ID 52-53.)

Ammons then filed this action challenging the denial of her application for disability insurance benefits. On August 8, 2017, Ammons filed a motion for summary judgment challenging the decision. (*See* ECF #15.) Ammons argued that the ALJ made five errors:

> 1. The ALJ erred by failing to weigh the medical opinion of [Ammons' treating physician].
>
> 2. The ALJ erred in failing to find Plaintiff's Fibromyalgia severe.
>
> 3. The ALJ committed reversible error by ignoring evidence of Plaintiff's Fibromyalgia and failing to follow SSR 12-2p.
>
> 4. The ALJ's credibility determination is not supported by substantial evidence.
>
> 5. The ALJ's Step 4 and Step 5 analysis was not supported by substantial evidence.

(ECF #15 at Pg. ID 704-05.)

Instead of filing a response to Ammons' summary judgment motion, Defendant Commissioner of Social Security moved the Court to remand this action for further administrative action. (*See* ECF #18.) Ammons filed a response opposing the motion in part. (*See* ECF #19.)

Both the Commissioner and Ammons agree that a remand is necessary, but the parties disagree on the proper scope of the remand. Ammons asks that the Court "remand this case for further administrative proceedings, including *de novo* hearing and decision." (Obj. to Mot. for Remand, ECF #19 at Pg. ID 750.) The Commissioner counters that a new *de novo* hearing is not necessary. The Commissioner requests a limited remand on which the ALJ would be instructed to: "(1) reevaluate the opinion evidence of record and explain the weight assigned to such; (2) give further consideration to Plaintiff's residual functional capacity ("RFC") during the relevant period; and (3) take further action to complete the administrative record resolving the above issues, and issue a new decision." (Mot. for Remand, ECF #18 at Pg. ID 743.)

The Court agrees with the Commissioner that a *de novo* hearing is not warranted. Ammons' fundamental criticism of the ALJ's decision is that the ALJ made a number of legal errors, not that the ALJ impeded her (Ammons') ability to present evidence and develop an appropriate record for decision. Likewise, Ammons has not persuaded the Court that the current record is in any sense deficient

or that the ALJ could not properly determine her eligibility for benefits based upon the current record.

Moreover, Ammons has not identified any specific additional evidence that she wishes to present at a new hearing. Instead, she contends that at a new hearing she will have the opportunity to answer some unidentified set of "questions that could help develop the issue of her Fibromyalgia and prove herself credible." (Obj. to Mot. for Remand, ECF #19 at Pg. ID 752.) But Ammons has not pointed to anything in the record that suggests that she lacked the opportunity at the prior hearing to describe her Fibromyalgia and demonstrate her credibility. Indeed, Ammons provided extensive testimony at the hearing about her alleged impairments, her symptoms, and her functional abilities. (*See, e.g.,* Admin R., ECF #13-2 at Pg. ID 106-16.)

Simply put, while a remand is necessary here to permit the ALJ to apply the correct legal standards to the previously-developed record, a *de novo* hearing is not warranted. Accordingly, the Court **GRANTS** the Commissioner's motion for remand (ECF #18) and **REMANDS** this action so that the Commissioner may instruct the ALJ to: (1) reevaluate the opinion evidence of record and explain the weight assigned to that evidence; (2) give further consideration to Plaintiff's Residual Functional Capacity during the relevant period; and (3) take further action

to complete the administrative record resolving the above issues, and issue a new decision.[1]

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 28, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

[1] On remand, the ALJ remains free to conduct a *de novo* hearing and/or to permit the presentation of additional testimony and/or evidence if the ALJ believes that doing so is appropriate. Nothing in this Order is intended to restrict the ALJ's discretion in that regard. But the Court is not requiring the ALJ to conduct such a hearing. It is requiring the ALJ to complete only the tasks identified above.